# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

| EMILY BARBOSA, | Index No.: |
| | Date Purchased: |
| Plaintiff(s). | **SUMMONS** |
| -against- | Plaintiff designates Rockland County as the place of trial. |
| INSERRA SUPERMARKETS, INC. and SHOPRITE OF WEST NYACK #288, | The basis of venue is: Plaintiff's Residence |
| Defendant(s). | Plaintiff resides at: 319 West Crooked Hill Road Pearl River, New York 10965 County of Rockland |

**To the above named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New City, New York
  February 16, 2022

IRA H. LAPP, ESQ.
NEIMARK COFFINAS & LAPP LLP
Attorneys for Plaintiff
EMILY BARBOSA
37 Congers Road
New City, New York 10956-5135
(845) 638-3012
Our File No. 22015

TO:
INSERRA SUPERMARKETS, INC.
C/O SECRETARY OF STATE

SHOPRITE OF WEST NYACK #288
243 East Route 59
West Nyack, NY 10994

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

EMILY BARBOSA,

       Plaintiff(s).

-against-

INSERRA SUPERMARKETS, INC. and
SHOPRITE OF WEST NYACK #288,

       Defendant(s).

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiff by her attorneys, **NEIMARK COFFINAS & LAPP LLP** complaining of the Defendants, respectfully alleges, upon information and belief:

1. That at the time of the commencement of this action, the Plaintiff **EMILY BARBOSA** was and still is a resident of the County of Rockland, State of New York.

2. That the cause of action alleged herein arose in the County of Rockland, State of New York.

3. That this action falls within one or more of the exemptions set forth in CPLR §1602.

4. That at all times herein mentioned, the Defendant **INSERRA SUPERMARKETS, INC.** was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

5. That at all times herein mentioned, the Defendant **INSERRA SUPERMARKETS, INC.** was and still is a foreign corporation duly authorized to conduct and transact business in the State of New York.

6. That at all times herein mentioned, the Defendant **SHOPRITE OF WEST NYACK #288** was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

7. That at all times herein mentioned, the Defendant **SHOPRITE OF WEST NYACK #288** was and still is a foreign corporation duly authorized to conduct and transact business in the State of New York.

8. That on November 25, 2021 and at all times herein mentioned, the Defendant, **INSERRA SUPERMARKETS, INC.** owned the premises located at Shoprite, 243 East Route 59, West Nyack, New York.

9. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **INSERRA SUPERMARKETS, INC.** was a lessor of the aforesaid premises located at Shoprite, 243 East Route 59, West Nyack, New York.

10. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **INSERRA SUPERMARKETS, INC.** was a lessee of the aforesaid premises located at Shoprite, 243 East Route 59, West Nyack, New York.

11. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **INSERRA SUPERMARKETS, INC.** managed the aforesaid premises.

12. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **INSERRA SUPERMARKETS, INC.** controlled the aforesaid premises.

13. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **INSERRA SUPERMARKETS, INC.** maintained the aforesaid premises.

14. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **INSERRA SUPERMARKETS, INC.** repaired the

aforesaid premises.

15. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **INSERRA SUPERMARKETS, INC.** operated the aforesaid premises.

16. That on November 25, 2021 and at all times herein mentioned, the Defendant, **SHOPRITE OF WEST NYACK #288** owned the premises located at Shoprite, 243 East Route 59, West Nyack, New York.

17. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **SHOPRITE OF WEST NYACK #288** was a lessor of the aforesaid premises located at Shoprite, 243 East Route 59, West Nyack, New York.

18. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **SHOPRITE OF WEST NYACK #288** was a lessee of the aforesaid premises located at Shoprite, 243 East Route 59, West Nyack, New York.

19. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **SHOPRITE OF WEST NYACK #288** managed the aforesaid premises.

20. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **SHOPRITE OF WEST NYACK #288** controlled the aforesaid premises.

21. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **SHOPRITE OF WEST NYACK #288** maintained the aforesaid premises.

22. That on November 25, 2021 and at all times herein mentioned, and upon

information and belief, the Defendant, **SHOPRITE OF WEST NYACK #288** repaired the aforesaid premises.

23. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **SHOPRITE OF WEST NYACK #288** operated the aforesaid premises.

24. That on November 25, 2021 Plaintiff **EMILY BARBOSA** was lawfully on the aforesaid premises.

25. That on November 25, 2021, while Plaintiff **EMILY BARBOSA** was lawfully about an aisle area at the store at the aforesaid premises, Plaintiff **EMILY BARBOSA** was caused to fall and sustain serious and permanent injuries.

26. That on November 25, 2021 and at all times herein mentioned, the Defendant, **INSERRA SUPERMARKETS, INC.** owned the aforesaid aisle area.

27. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **INSERRA SUPERMARKETS, INC.** was a lessor of the aforesaid aisle area.

28. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **INSERRA SUPERMARKETS, INC.** was a lessee of the aforesaid aisle area.

29. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **INSERRA SUPERMARKETS, INC.** managed the aforesaid aisle area.

30. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **INSERRA SUPERMARKETS, INC.** controlled the

aforesaid aisle area.

31. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **INSERRA SUPERMARKETS, INC.** maintained the aforesaid aisle area.

32. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **INSERRA SUPERMARKETS, INC.** repaired the aforesaid aisle area.

33. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **INSERRA SUPERMARKETS, INC.** operated the aforesaid aisle area.

34. That on November 25, 2021 and at all times herein mentioned, the Defendant, **SHOPRITE OF WEST NYACK #288** owned the aforesaid aisle area.

35. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **SHOPRITE OF WEST NYACK #288** was a lessor of the aforesaid aisle area.

36. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **SHOPRITE OF WEST NYACK #288** was a lessee of the aforesaid aisle area.

37. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **SHOPRITE OF WEST NYACK #288** managed the aforesaid aisle area.

38. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **SHOPRITE OF WEST NYACK #288** controlled the

aforesaid aisle area.

39. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **SHOPRITE OF WEST NYACK #288** maintained the aforesaid aisle area.

40. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **SHOPRITE OF WEST NYACK #288** repaired the aforesaid aisle area.

41. That on November 25, 2021 and at all times herein mentioned, and upon information and belief, the Defendant, **SHOPRITE OF WEST NYACK #288** operated the aforesaid aisle area.

42. The above mentioned occurrence, and the results thereof, were caused by the joint, several and concurrent negligence of the Defendants and/or said Defendants' agents, servants, employees and/or licensees in the ownership, operation, management, repair, maintenance and control of the aforesaid premises and aisle area.

43. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

44. That by reason of the foregoing, Plaintiff **EMILY BARBOSA** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

45. That by reason of the foregoing, Plaintiff **EMILY BARBOSA** was damaged in an

amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff **EMILY BARBOSA** demands judgment against the Defendants in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction, together with costs and disbursements of this action.

Dated: New City, New York
       February 16, 2022

                                           _____
                                           IRA H. LAPP, ESQ.
                                           NEIMARK COFFINAS & LAPP LLP
                                           Attorneys for Plaintiff
                                           EMILY BARBOSA
                                           37 Congers Road
                                           New City, New York 10956-5135
                                           (845) 638-3012
                                           Our File No. 22015

## ATTORNEY'S VERIFICATION

IRA H. LAPP, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at NEIMARK COFFINAS & LAPP LLP, attorneys of record for Plaintiff EMILY BARBOSA. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

DATED:    New City, New York
          February 16, 2022

_____
IRA H. LAPP